IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AETHER THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 20-381-MN |
| ASTRAZENECA AB, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS ASTRAZENECA AB, ASTRAZENECA
PHARMACEUTICALS LP AND NEKTAR THERAPEUTICS'S
<u>MOTION FOR AN EXTENSION OF TIME</u>**

Defendants AstraZeneca AB, AstraZeneca Pharmaceuticals LP, and Nektar Therapeutics (collectively, "Moving Defendants") hereby move for an extension of time to move, answer, or otherwise respond to Plaintiff's First Amended Complaint for Patent Infringement (D.I. 19), which was filed on June 11, 2020, and in support thereof, state as follows:

1. Plaintiff filed this action for patent infringement on March 18, 2020 (D.I. 1).

2. Plaintiff served the Original Complaint on Moving Defendants (*see* D.I. Nos. 5, 6), but has not yet served the other named Defendant in this action, Daiichi Sankyo, Inc. The Original Complaint was 41 pages in length (not counting exhibits) and contained 180 numbered paragraphs.

3. Moving Defendants filed Motions to Dismiss the Original Complaint on June 1, 2020. (D.I. Nos. 10-12, 14-15). After Moving Defendants moved to dismiss, Moving Defendants agreed to grant Plaintiff a two-week extension for their response. (Ex. A).

4. Plaintiff filed its First Amended Complaint for Patent Infringement on June 11, 2020 (D.I. 19), which is 135 pages long (not counting exhibits) and contains 612 numbered paragraphs. Under the Federal Rules of Civil Procedure and Local Rules of this District, Moving

2

Defendants' deadline to move, answer, or otherwise respond to the First Amended Complaint would be June 25, 2020.[1]

5. In order to allow sufficient time to undertake an investigation and prepare a response to Plaintiff's numerous newly-added allegations, and in light of obstacles and delay associated with the COVID-19 pandemic, Moving Defendants requested a 21-day extension to respond to the First Amended Complaint. Plaintiff rejected Defendants' request outright, stating "Aether will not agree to any extension of time to respond to the amended complaint." (Ex. B). Moving Defendants stated that they intended to move the Court for the requested 21-day extension, and Plaintiff responded that it would still not consider any extension unless Moving Defendants agreed to commit to answering, rather than moving to dismiss. *Id.* Because Moving Defendants are still assessing the First Amended Complaint—and indeed, have requested an extension to determine the appropriate response to it—they were and are unable to make that commitment at this point in time.

6. Delaware counsel spoke about the requested extension via telephone on June 18, 2020, pursuant to their obligations under Local Rule 7.1.1, and Plaintiff indicated it would oppose any motion by Moving Defendants for an extension.

7. Moving Defendants respectfully seek an order, pursuant to Federal Rule of Civil Procedure 6(b), granting an extension of time to move, answer or otherwise respond to the First Amended Complaint for 21 days. Federal Rules of Civil Procedure 6(b) provides, in part:

> When by these rules . . . or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order . . . .

---

[1] As Daiichi Sankyo, Inc. has not yet been served, its deadline to respond was not triggered, and Plaintiff's deadline to serve it with process has elapsed.

Fed. R. Civ. P. 6(b).

8. For the reasons stated above, good cause exists to extend the time period by which Moving Defendants move, answer or otherwise respond to the First Amended Complaint. Additional time would permit Moving Defendants sufficient time to investigate Plaintiff's newly-added allegations and prepare a response. Moreover, it is common (and, in undersigned counsel's experience, routine absent exceptional circumstances) that parties agree to a reasonable extensions to respond to pleadings.

9. Plaintiff will not be prejudiced by the requested 21-day extension. There is no scheduling order in place, and there are no activities scheduled to occur in this case during the requested period. Not only is Plaintiff's position to deny a routine extension unreasonable at this stage, Plaintiff's purported reasoning for denying the request because "they want to get the case started," (Ex. B), is belied by its earlier request for an extension, (Ex. A), and the fact that it waited 5 years after the accused product had received marketing approval to file this action—and then has not even served the fourth Defendant, Daiichi Sankyo, Inc., with process.

WHEREFORE, Moving Defendants respectfully request that the Court grant this Motion and enter an order in the form attached hereto extending the deadline move, answer, or otherwise respond to the First Amended Complaint to July 16, 2020.

Dated: June 18, 2020

OF COUNSEL:

Jessamyn S. Berniker
Aaron P. Maurer
Adam D. Harber
Ben Picozzi
Angelica H. Nguyen
WILLIAMS &CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendants AstraZeneca AB, AstraZeneca Pharmaceuticals LP, and Nektar Therapeutics*