UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AETHER THERAPEUTICS INC.,<br><br>  Plaintiff,<br>v.<br><br>ASTRAZENECA AB, ASTRAZENECA PHARMACEUTICALS LP, NEKTAR THERAPEUTICS, and DAIICHI-SANKYO, INC.<br><br>  Defendants. | Case No. 20-381-MN<br><br>Jury Trial Demanded |

**PLAINTIFF AETHER THERAPEUTICS INC.'S**
**OPPOSITION TO DEFENDANTS MOTION FOR AN EXTENSION OF TIME**

Plaintiff Aether Therapeutics Inc., by and through its counsel, files this Opposition to Defendants' motion for an extension of time (D.I. 21), which was filed yesterday on June 18, 2020 and states as follows:

1. Plaintiff filed the original complaint on March 18, 2020. (D.I. 1).

2. On April 7, 2020, Defendants requested an extension of 45 days to answer the original Complaint, to which Plaintiff agreed. (D.I. 8).

3. In lieu of filing an answer to the original complaint, Defendants AstraZeneca AB, AstraZeneca Pharmaceuticals LP and Nektar Therapeutics, filed partial motions to dismiss – implicitly acknowledging that at least some claims in this matter are ready to move forward. (D.I. Nos. 10-12, 14-15).

4. Defendants' motions to dismiss alleged that Plaintiff had not properly pled knowledge of the patents-in-suit. Defendants, however, are large sophisticated pharmaceutical companies who keep apprised of the patent landscape, as now further

1

outlined in Plaintiff's Amended Complaint, and knew of the patents-in-suit well before inducing infringement through the explicit instructions found in the Movantik® Label. Indeed, nowhere in their motion-to-dismiss papers, did Defendants state that they had no knowledge of the patents-in-suit; instead, they only complained about purported pleading defects about Defendants' knowledge of the patents and willfulness. Further, as experienced plaintiff-patentees, all of the Defendants know what direct infringement and induced infringement are, and they did not take issue with the manner in which those claims were plead in their motion to dismiss. Based on the allegations in both Plaintiff's original Complaint and its Amended Complaint, Defendants understand that their Movantik® product directly infringes the composition claims in the '448 and '817 patents. Defendants also surely know that the Movantik® Label clearly directs prescribers and patients to practice the methods claimed in the '488 and '024 patents.

5.  But rather than opposing Defendants' motion to dismiss by pointing all of this out, and engaging in wasteful motion practice, Plaintiff filed an Amended Complaint. (D.I. 19). The Amended Complaint has the same legal infringement theories, and, with some additions and specificity, the same general underlying facts as the original Complaint. Additionally, Plaintiff delineated its claims to specifically address each Defendant and its infringing conduct, so each Defendant is fully capable of addressing the facts specific to it.

6.  Moreover, many of the additions to the induced infringement and willfulness allegations in Plaintiff's Amended Complaint were directed to Defendants' ongoing post-filing conduct. As of the filing of Plaintiff's original Complaint,

2

Defendants clearly have had notice of the patents-in-suit and have not ceased in their infringing conduct. Thus, Plaintiff's allegations to that effect should preclude Defendants from trying, once again, to dismiss inducement based on lack of knowledge of the patents-in-suit and willfulness under Rule 12.

7. After having before them the allegations set forth in the original Complaint for months, Defendants now request another extension of time to respond to the Amended Complaint. Plaintiff offered an extension if Defendants agreed to Answer the Amended Complaint. But Defendants refused this request and instead, filed the instant motion. (D.I. 21).

8. Defendants argue that they need an extension to respond to the Amended Complaint due to COVID-19 and to respond to Plaintiff's newly-added allegations. *Id*. Defendants did not mention COVID-19 to Plaintiff when they requested their first 45-day extension; they simply stated that they needed time to retain counsel and evaluate Plaintiff's claims. Until their present motion for a second extension of three weeks, Defendants did not mention COVID-19.

9. And as explained above, as to Plaintiff's newly-added allegations, the legal theories and most of the facts in the Amended Complaint are the same as in the original Complaint, but with more specificity to each Defendant. Defendants are represented by two large law firms, with a cadre of attorneys admitted *pro hac vice*. Certainly, counsel has sufficient time to respond to what amounts to the original Complaint recast as an Amended Complaint with additional facts regarding knowledge of the patents, inducement and willfulness.

10. In the end, Defendants are trying to delay answering the Amended Complaint and avoid the Court's entry of a scheduling order. As is common in today's patent litigation, Defendants are likely attempting to push out the schedule of the case so they can file an IPR, and then ask for a stay because the case is only at its early stages, thereby continuing their infringing activities unimpeded and depriving Plaintiff of its right to have its claims tried before a jury in an expeditious manner.

WHEREFORE, based on the foregoing reasons, Defendants' motion for a three-week extension of time should be denied.

Dated: June 19, 2020                    Respectfully submitted,

/s/Stamatios Stamoulis
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Of Counsel:
Ronald M. Daignault (*pro hac vice*)
Chandran Iyer (*pro hac vice*)
Michael A. Siem (*pro hac vice*)
GOLDBERG SEGALLA LLP
rdaignault@goldbergsegalla.com
ciyer@goldbergsegalla.com
msiem@goldbergsegalla.com
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700

Richard Juang (*pro hac vice*)
rjuang@goldbergsegalla.com
GOLDBERG SEGALLA LLP
8000 Maryland Avenue, Suite 640
St. Louis, Missouri 63105
Telephone: (314) 446-3367

Attorneys for Plaintiff *Aether Therapeutics Inc.*